Before the First Division, May 12, 1943

**No. 48270.**—Protest 33115–K/89336 of American Express Co. (Chicago).

Opinion by Oliver, P. J. It is conceded that the articles are made of glass, blown or partly blown in the mold or otherwise. They were invoiced as alcohol cups. The testimony of plaintiff's witness was that he had seen these containers used by watchmakers on their repair benches to hold alcohol and benzine for cleaning watch parts and that he knew of no other use; that he had worked in laboratories but had never seen them used there, and that he did not think-they could be satisfactorily so used because the covers do not fit tightly and the liquids contained therein would evaporate. The Government introduced the testimony of five witnesses, one a Treasury representative, who had no knowledge of their use, and two purchasing agents for hospitals, a purchasing agent for the Rockefeller Institute in New York, and the president of a corporation selling laboratory supplies direct to institutions. There was practically no conflict in the testimony of the latter four witnesses, all of whom agreed that they had purchased or sold for use in hospitals or laboratories merchandise identical with or similar to at least one

of the exhibits (exhibit 2). There was some conflict, however, as to whether exhibit 1 was bought and sold as needle boxes used to hold a supply of hypodermic needles or as jars for holding small specimens. It was fairly established that articles substantially similar to the merchandise at bar were used by watchmakers and jewelers as alcohol cups and by hospitals and institutions in laboratories, but the court was left uninformed as to which, if either, was the *chief* use. On the record thus presented it was held that the plaintiff has failed to sustain the burden of proof resting upon it to overcome the presumption of correctness attaching to the collector's classification. The protest was therefore overruled. *Benjamin Iron & Steel Co.* v. *United States*, 2 Ct. Cust. Appls. 159, T. D. 31677; *Stegemann* v. *United States*, 5 Ct. Cust. Appls 393, T. D. 34935; and *Kilburn Mill* v. *United States*, 27 C. C. P. A. 379, C. A. D. 114, cited.